UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

       Plaintiff,                                 Case No. 23-cv-11574

v.                                                 HON. MARK A. GOLDSMITH

RENATA PATTON et al.,

       Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S NOVEMBER 26, 2024 REPORT AND RECOMMENDATION (Dkt. 37), (2) DENYING IN PART DEFENDANTS MICHAEL McCOLLOUGH AND RENATA PATTON'S MOTION FOR SUMMARY JUDGMENT (Dkt. 22), (3) GRANTING DEFENDANT ANDREA OWENS'S MOTION FOR SUMMARY JUDGMENT (Dkt. 31), AND (4) DISMISSING CLARK'S CLAIMS AGAINST PATTON AND McCOLLOUGH PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand issued on November 26, 2024 (Dkt. 37). In the R&R, the magistrate judge recommends that the Court (i) deny in part Defendants Michael McCollough and Renata Patton's motion for summary judgment (Dkt. 22), (ii) grant Defendant Andrea Owens's motion for summary judgment (Dkt. 31), and (iii) dismiss Plaintiff Burrell Clark's claims against Patton based on the use of harassing or abusive language and claims against McCollough pursuant to 28 U.S.C. § 1915(e)(2)(B). R&R at 17.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court (i) denies in part Defendants Michael McCollough and Renata Patton's motion for summary judgment (Dkt. 22), (ii) grants Defendant Andrea Owens's motion for summary judgment (Dkt. 31), and (iii) dismisses Plaintiff Burrell Clark's claims against Patton based on the use of harassing or abusive language and Clark's claims against McCollough pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated: December 23, 2024  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2024.

s/Carolyn Ciesla  
Case Manager
