UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURRELL CLARK,

       Plaintiff,

v.                                                          Case No. 23-cv-11574
                                                            HON. MARK A. GOLDSMITH

RENATA PATTON, et al.,

       Defendants.

_____/

**ORDER (i) ADOPTING REPORT AND RECOMMENDATION (Dkt. 75); (ii)
GRANTING DEFENDANT RENATA PATTON'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 65); (iii) DENYING PLAINTIFF'S OBJECTIONS (Dkt. 76); and (iv)
DENYING AS MOOT MOTION TO ATTACH EXHIBITS (Dkt. 77)**

Before the Court is pro se Plaintiff Burrell Clark's objections (Dkt. 76) to Magistrate

Judge David R. Grand's February 9, 2026 Report and Recommendation (R&R).  2/9/26 R&R

(Dkt. 75).  The R&R recommends that the Court grant Defendant Renata Patton's motion for

summary judgment.  (Dkt. 65).  For the reasons set forth below, the Court denies the objections

and adopts the R&R.[1]

## I.     ANALYSIS

### A. Legal Standard

Upon receiving objections to an R&R, the district judge "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any

or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  In addition to Clark's objection, Patton filed a response (Dkt. 78).

P. 72(b).

"[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir. 1991)). A general objection that fails to specify the issues in contention equates to no objection. Id. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted).

## B. Objections

Because Clark proceeds in this case pro se, the Court affords him the benefit of liberal construction of his pleadings and filings. See Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). Even under liberal construction, however, Clark's six objections are difficult to understand. All of the objections follow the same format: they restate large portions of the R&R and then fail to explain how or where the R&R erred.

As an example, Clark's fourth objection, which starts off as nearly four pages of a hand-copied excerpt of the R&R, see Obj. at PageID.724—728, is followed by a lengthy and incoherent paragraph, which states:

> Did Clark engage in his protected conduct when he orally threatened to file a grievance with Patton's supervisor? Then Patton threatened to write a ticket first, raises a factual issue as to retaliation. As for the written grievance from Clark, a grievance in Michigan need not contain every fact necessary to prove each element of litigation it requires him to state the issues "briefly but concisely" See (ECF 22-2 PageID.130 at (S). showing MDOC's P.D. 03.02.130 Clark's threat to Patton of a oral grievance was protected conduct from the conversation itself; see Holzmer v. City of Memphis, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected activity). Furthermore, MDOC's own

2

grievance policy requires that prisoners raise their grievance orally with staff before they file a formal written grievance. Mayben v. Thelen, 887 F.3d 252. Clark's grievance against Patton was not frivolous, the central issue of his threat to file a grievance was retaliation. Once Clark raised his grievance orally with Patton it was in line with MDOC's grievance policy P.D. 03.02.130 to understand any other way only would misapply their own grievance policy. Clark did plead facts that can infer a connection of his protected conduct with Pattons threat to write a ticket First, As Patton's threat to write a ticket on him Clark did recount what she said to him afterwards. Then she unreasonably told me, "this is for not signing the release for the Leader Dog for the Blind documentary you were featured in, so your black ass no longer belong in this program now sign! See (ECF No. 1, Pg.ID.5) Those additional facts that if coupled with the timing of element would support a causal connection or retaliatory motive on the part of Patton and she harassed and intimidated Clark when doing so, and her threat of ticket is a Fact sufficed to permit the jury to find an adverse action. "A threat counts as a prior restraing, the quintessential first-amendment violation." See Fairly v. Andres, 578 F.3d 518, 525 (7th Cir. 2009) (citing Neb. Press Ass'n v. Sturart, 247 U.S. 539 559, 96 S. Ct. 2791, 49 L. Ed. 2d 683 (1976) Clark raised his oral grievance on Patton in their conversation and put her on notice" we are not persuaded that an oral grievance should not receive constitutional protection solely because it is lodged by a prisoner as opposed to a civilian" Mack v. Warden Loretto FCI, 839 F.3d 286, 298. Also, a "prisoner retains the constitutional right to petition the government for the redress of grievances" Turner v. Safely, 482 U.S. 78, 84 107 S. Ct. 2254, 96 L.Ed. 2d 64 (1987) (citing Johnson v. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969). Judge Grand inadvertently abused his discretion and his decision is clearly erroneous and contrary to law.

Obj. at PageID. 730–731 (errors in original).

The Court cannot discern the meaning of Clark's objection. "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Howard, 932 F.2d at 50. The beginning of the paragraph appears to emphasize that Clark's grievance was oral, rather than written. But, as Patton's response correctly notes, this is an irrelevant point: the R&R did not find that the threat was not protected conduct on the basis that it was not in writing. See Resp. at PageID.474. Rather, the R&R's analysis focused on underlying subject matter of the alleged threat (that Clark believed he was forced—based on Patton's alleged verbal harassment—to sign documents relating to his participation in a prison leader-dog program) and found that it did not rise to the level of constitutionally-protected

3

conduct. R&R at PageID.717.   The R&R did not err in this finding; it came to the correct conclusion.  Nothing in Clark's objection explains why the Court should find otherwise.

All of Clark's six objections suffer from the same faults.   Structurally, they all repeat large portions of the R&R and then fail to explain how or where the R&R erred.   When an objection fails to "specify[] a single issue of contention," it amounts to a general objection to the R&R as a whole.  Howard, 932 F.2d at 50.  General objections fail to satisfy "the fundamental congressional policy underlying the Magistrate's [sic] Act[,] [which is] to improve access to the federal courts and aid in the efficient administration of justice."  Id. at 509.  Clark's failure to point this Court to specific errors in the R&R "has the same effects as would a failure to object." Id.  Clark's objections all fail in their specificity, constitute improper general objections, and are denied on this basis.

While none of the objections is clearly stated, there are two points that the Court can discern.  First, there is a statement in the second objection that appears to take issue with the R&R's reference to "ECF No. 26," which Clark argues the magistrate judge should not have considered.   Obj. at PageID.722–723.   Second, Clark's fifth objection takes issue with the R&R's application of a lenient standard afforded to pro se parties' filings.  Obj. at PageID.732.

As to the first point, the second objection's takes issue with the R&R's reference to ECF No. 26, because it was a sur-reply to an earlier-decided motion  See Obj. at PageID.722–723.  It appears to be a typographical error.  See Resp. at PageID.748–749 (suggesting the reference to ECF No. 26 might be a typo reference to the wrong sur-reply).  Clark did file a sur-reply to this motion, which is more likely what the R&R intended to cite.  Clark's Sur-Reply (Dkt. 71).  The error is harmless and does not change the outcome because the R&R never specifically relied on anything in the earlier-filed sur-reply in its determination.

As to the second point, it would appear Clark believes that the magistrate judge did not

4

construe his filings liberally.  Clark is incorrect.  Even under liberal construction, Clark's arguments are largely indecipherable.  Yet, the magistrate judge engaged with his filings and analyzed his arguments carefully before rejecting them as meritless.  The liberal construal of pro se pleadings "does not require lenient treatment of substantive law." Johnson v. Stewart, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010). In other words, the R&R was not required, under the lenient construal principle, to find that Clark's claims had merit when they are in fact lacking.  The Court, therefore, rejects Clark's apparent argument that the magistrate judge did not engage in liberal construal of Clark's filings.

Because Clark's objections fail as a matter of form and substantively, they are denied and summary judgment is granted in Patton's favor for the reasons set forth in the R&R.

## C. Motion to Attach Exhibits (Dkt. 77)

Clark filed a motion to attach exhibits to his objections, to which Patton did not respond. (Dkt. 77).  The exhibits that Clark seeks leave to attach are already part of the record in this case because they were attached to earlier filings.  Under Eastern District of Michigan ECF Rule 19(a), parties are not permitted to refile papers that are already part of the record.  Accordingly, the Court denies the motion to attach exhibits that are already part of the record in this case.

## II.    CONCLUSION

The Court denies Clark's objections (Dkt. 76) and adopts the R&R (Dkt. 75).  Summary judgment for Defendant Patton is granted (Dkt. 65).  The Court denies Clark's motion to attach exhibits (Dkt. 77).

**SO ORDERED.**

Dated: March 26, 2026                          s/Mark A. Goldsmith
Detroit, Michigan                              MARK A. GOLDSMITH
                                               United States District Judge

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

6