UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BURRELL CLARK,

      Plaintiff,

v.                                                                    Case No. 23-cv-11574
                                                                      HON. MARK A. GOLDSMITH
RENATA PATTON, et al.,

      Defendants.

_____/

## OPINION & ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (Dkt. 81)

Burrell Clark is an inmate confined at the Macomb Correctional Facility (MRF), which is a Michigan Department of Corrections (MDOC) facility.  He filed this case against several MDOC employees, alleging that they violated his rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution by retaliating against him and harassing him after he threatened to file certain grievances.  This Court dismissed the case on March 26, 2026 (Dkt. 75).

Clark now asks the Court to alter or amend the judgment against him. (Dkt. 81).  For the reasons explained below, the Court denies the motion.

### I.      ANALYSIS

Rule 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of entry of judgment. Relief under this provision is discretionary.  Brumley v. United Parcel Service, Inc., 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Id.  Importantly, a Rule

59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008)). Clark's motion does not satisfy the standards for a proper motion under Rule 59(e).

Clark argues that his fifth objection to the February 9, 2026 Report and Recommendation (R&R) pointed to where, in the record, he established a genuine issue of material fact, which should have precluded summary judgment being entered against him. Mot. at PageID.761. Clark points to his declaration, which he attached as an exhibit to his response to Defendant Patton's motion for summary judgment, and contends that it creates a factual dispute where he stated: "No retaliation occurred until after I verbally threatened to file a grievance with Patton's supervisor and her then telling me I'll write a ticket first." Mot. at PageID.761–762 (quoting from Resp. to Patton's Mot. for Summary Judgment at PageID.660 (Dkt. 69)). Clark contends that the R&R thus erred because it:

> does not even indicate why plaintiff's version of the facts contained in his sworn testimony should be rejected or accepted, and has overlooked evidence demonstrating that, after Clark's filing of an oral grievance, Patton threatened to write a ticket first, had taken place, in retaliation of his oral grievance for his exercise of his constitutional right of protected conduct. This evidence gives rise to a triable question of fact of whether Clark was engaged in protected conduct sufficient to support a retaliation claim and the Court should find there are disputes of material fact regarding Clark's claims that cannot be resolved on summary judgment.

Mot. at PageID.762.

Nothing in Clark's motion shows that the Court's opinion and order adopting the R&R contained a clear error of law. Nor does he introduce newly discovered evidence establishing that he engaged in protected conduct that was more than de minimus. He does not set forth an intervening change in controlling law, nor has he shown that the judgment must be altered to prevent manifest injustice. Instead, he points to a statement in his declaration, which was already

2

considered by the magistrate judge, and rejected because, as the R&R explains, he did not threaten to grieve more than <u>de minimus</u> conduct, and because Clark did not provide any examples or details of the alleged harassment he claims to have endured. R&R at PageID.717–718. In sum, Clark failed to show that a constitutional violation occurred and this finding remains unchanged by Clark's effort to re-litigate the issue. Clark's motion to alter or amend is, therefore, denied because he has not set forth a basis to grant the relief he seeks.

## II. CONCLUSION

The Court denies Clark's motion to alter or amend the judgment (Dkt. 81).

**SO ORDERED.**

Dated: June 10, 2026                    s/Mark A. Goldsmith
Detroit, Michigan                       MARK A. GOLDSMITH
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2026.

                                    s/Joseph Heacox
                                    JOSEPH HEACOX
                                    Case Manager

3